UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

CHRISTOPHER HARRIS

CRIMINAL ACTION

NOS: 04-135 & 04-157

## RULING ON MOTION FOR RECONSIDERATION

Before the Court is Defendant's motion (doc. 82) for reconsideration of the July 20, 2009 ruling (doc. 81), which reduced Defendant's sentence from 97 months imprisonment to 87 months pursuant to 18 U.S.C. § 3582(c)(2). Defendant now asks the court to reduce his sentence from 87 months to 78 months. The United States has filed an opposition (doc. 84). There is no need for oral arguments. For the following reasons, Defendant's motion is GRANTED and Defendant's sentence is reduced from 87 months to 78 months.

## FACTUAL BACKGROUND

Defendant pleaded guilty to the charges of conspiracy to possess with intent to distribute 50 grams or more of cocaine base and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). The resulting total offense level was level 31, including a two point enhancement for role in the offense and a three point reduction for acceptance of responsibility. An offense level of 31 carries a sentencing range of 108-135 months imprisonment.[1] Upon the government's U.S.S.G. § 5K1.1 motion, Defendant received a one-level downward departure, resulting in a sentence of 97 months imprisonment.[2]

---

[1] Doc. 82-2 at 1.
[2] *Id.* at 2.

1

On February 27, 2008, Defendant filed a notice of motion for retroactive application of sentencing guidelines.[3] In accordance with amendments to the United States Sentencing Commission guidelines regarding crack cocaine offenses, Defendant's offense level dropped from level 31 to a level 29. This reduction resulted in a guideline sentencing range of 87 to 108 months.[4] Accordingly, the Court sentenced Defendant to 87 months imprisonment on July 20, 2009.[5] Because Defendant received a one level downward departure at his original sentencing, he now asks the Court to apply a similar downward departure to his current sentence.

## **LAW AND DISCUSSION**

On November 1, 2007, the United States Sentencing Commission enacted Amendment 706 U.S.S.G. § 2D1.1.[6] This amendment aimed to reduce the effects of the previously enforced 100:1 sentencing ratio of powder to crack cocaine, whereby one gram of crack was equivalent to 100 grams of powder for sentencing purposes.[7] The amendment essentially adjusted the base offense level downward by two levels for that quantity of crack. *United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). Additionally, the Sentencing Commission voted to apply the amendment retroactively in order to remedy past injustice. *United States v. Robinson*, 542 F.3d 1045, 1048 (5th Cir. 2008).

As a general rule, a court may not modify a term of imprisonment once it has been imposed. However, 18 U.S.C. § 3582(c)(2) creates the following exception:

---

[3] *Id.*
[4] *Id.*
[5] *Id.* at 1.
[6] Doc. 82-2 at 3.
[7] *Id.*

2

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)…the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statement issued by the Sentencing Commission.

In *Robinson*, the Fifth Circuit recognized that U.S.S.G. § 1B1.10(b) governs the proceedings that the court must follow with respect to 18 U.S.C. § 3582(c)(2). *Robinson*, 542 F.3d at 1052. Section 1B1.10(b)(1) directs the courts to determine the amended guideline range that would have been applicable if the amendment had been in effect at the time of sentencing. But before a court applies the amended guidelines, it must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," as well as "post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." *Id.*

With regards to Defendant, a reduction in his term of imprisonment would present little danger to any person or the community. Defendant's conduct since being imprisoned has been positive. Defendant has participated in educational options, attended drug education classes, and is studying for the GED.[8] Moreover, Defendant has not been written up for inappropriate behavior nor received any sanctions while being imprisoned.[9] Thus, the *Robinson* factors do not prevent Defendant from receiving the benefit of the amended guidelines.

The Court must next determine the guideline range that would have been applicable to Defendant if the amendment had been in effect when Defendant was

---

[8] *Id.* at 6
[9] *Id.*

sentenced. U.S.S.G. § 1B1.10(b)(1).  Under the amendment, Defendant's offense level would have been lowered from a level 31 to a level 29, resulting in a guideline sentencing range of 87 to 108 months.  See *Burns*, 526 F.3d at 861 (adjusting downward by two levels).  However, because Defendant received a one level downward departure in the original sentencing, Defendant argues that he should be afforded the same benefit in this retroactive sentencing.

Regarding terms of imprisonment that are less than the guideline sentencing range, U.S.S.G. § 1B1.10(b)(2)(B) states:

> If the original terms of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

In this case, Defendant was originally granted a sentence of 97 months as a result of the downward departure, 11 months, or 10.2%, less than the level 31 guideline sentencing minimum of 108 months.  Here, Defendant seeks a 78 month sentence as a result of the downward departure, which is 9 months, or 10.3%, less than the 87 month guideline sentencing minimum for a level 29 offense.  This downward departure is certainly comparable to the original downward departure.  The United States argues that the 87 month sentence should be upheld because it is within the "comparable" guideline range of 78 to 97 months.[10]  Even though this argument is factually true, the Court still may follow the downward departure to 78 months because that reduction in sentence is comparably less than the original downward departure.

---

[10] Doc. 84 at 3

The United States further argues that the reduction from 97 months to 87 months was a 10 month reduction, which represented over 10% off of the original sentence received.[11]  However, the Court may reduce the term of imprisonment as if the amended guidelines were originally in place.  U.S.S.G. § 1B1.10.  The reduction is not based on how much it differs from the original sentence, but on whether the reduction is comparably less than the guideline range.

### Conclusion

The Court is persuaded by Defendant's argument that the downward departure in sentencing to 78 months imprisonment is appropriate.   This departure in sentence from 87 to 78 months imprisonment is a comparably less departure when compared with the original departure from 97 to 87 months imprisonment.  Additionally, Defendant's positive behavior since imprisonment shows that a reduction in sentence is not a threat to society.  Accordingly, Defendant's Motion to Reconsider (doc. 82) is **GRANTED**.  **IT IS HEREBY ORDERED** that Defendant's sentence be reduced from 87 to 78 months imprisonment.

Signed in Baton Rouge, Louisiana, on September 29, 2009.

**JUDGE JAMES J. BRADY**

**UNITED STATES DISTRICT COURT**

---

[11] *Id.*